# BEARDSLEY SCYTHE COMPANY, Appellant, *v.* JOHN C. FOSTER, Respondent.

### *Assignor's Creditor's right to assert Assignee's claim against Debtor.*

A creditor is not relieved from compliance with the requirements of the statute by the alleged insolvency of the debtor, when he seeks to impeach the validity of an assignment as being fraudulent.

A creditor who has in no manner succeeded to the rights of one of the partners, who has become the assignee of the effects of the firm, cannot assert such assignee's rights to redress against those who may be indebted to the firm.

Appeal from the Supreme Court. The action was for equitable relief, and, on the hearing, the referee dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The judgment was affirmed at General Term in the Seventh Judicial District, the opinion of the Court being delivered by Mr. Justice Johnson.

The complaint, in substance, alleges the following facts:

In 1857, and the early part of 1858, Wm. H. Osborn and George Clow were partners in the business of manufacturing grain cradles, at Port Byron, conducting it under the firm-name of George Clow & Co. They became indebted to the Plaintiff in the sum of $2,203.34. Afterward, and on the 11th of May, 1858, the partnership was dissolved; and in consideration, among other things, of Osborn's paying the debts of the firm, Clow transferred to him his interest in its assets. In consequence of this arrangement, Osborn became so much involved as to be unable to pay or secure the liabilities so assumed. He made a statement of his affairs to the Defendant, who proposed the following arrangement, with a view of postponing the claims of the creditors : that Osborn should execute a bill of sale to him of the property and credits of the late firm ; that the Defendant should redeliver the accounts and notes to Osborn for collection; that the latter should go on manufacturing until the property and credits were converted into money ; that, with the avails, Osborn

should *be at liberty* to pay up the liabilities of the late firm, on such terms as he could obtain ; that the excess of the avails, beyond the amount required for that purpose, Osborn should invest as his share in a proposed partnership between him and the Defendant, in the milling and lumber business ; that, except for the purpose of postponing the creditors of the late firm, its assets were to remain the property of Osborn, and the business of manufacturing should be continued at his expense, and for his benefit, though in the name of the Defendant.

Osborn acceded to this arrangement, and in pursuance of it the Defendant received a bill of sale, and took possession of the assets of the late firm, inventoried at $4,400, together with individual notes and accounts, due to Osborn, amounting to about $240.

In violation of this understanding and agreement, the Defendant unjustly refused to deliver up to Osborn the notes and accounts which belong to him, and has unlawfully converted them to his own use.

On the 15th of October, 1858, the Plaintiff obtained a judgment against Osborn, by confession, for $2,209.93, being the amount of the company's demands against George Clow & Co.

On the 25th of the same month, an execution was issued to the sheriff of Cayuga, the county in which Osborn resided, and he collected thereon the sum of $175.64; and the balance still remains due from Osborn, Clow & Co. He and they are bankrupt, and unable to pay any portion of the claim.

The Defendant has the property transferred to him, or its proceeds, and refuses to pay anything, either to Osborn or his creditors.

The complaint concludes with a demand that the Defendant be required to render an account of the property and its proceeds, and to deliver the same over to a receiver, to the end that it may be applied in payment of the debts due to the creditors of the late firm of George Clow & Co.

*Finlay M. King* for Appellant.
*Amasa J. Parker* for Respondent.

PORTER, J.—The referee was right in holding that upon the facts alleged the Defendant was entitled to judgment. The Plaintiff was not in a position to affirm and enforce a contract, which was not made for his benefit, and to which he was neither party nor privy. It does not appear that he succeeded in any way to the right of Osborn, and he cannot assert the claim of the latter to redress for the wrongs he imputes to the Defendant. He does not demand a judgment declaring the invalidity of the transfer from Osborn to Foster, nor does he allege a state of facts entitling him to that relief. His remedy at law is not exhausted, and his execution is unreturned. The complaint cannot be sustained on the footing of a creditor's bill; and, assuming all its allegations to be true, no cause of action results in favor of the Plaintiff. He is not relieved by the alleged insolvency of the debtor from the necessity of complying with the condition of the statute, if he would impeach the transfer as fraudulent (Crippin *v.* Hudson, 13 New York, 165; Dunlevy *v.* Tallmadge, *32 id. 461*).

A reversal is claimed on the further ground that the costs awarded at Special Term are embraced in the record of judgment. An affirmance at the General Term was clearly improper, but the correction should be made on motion in the Court below, after the record is remitted.

The judgment should be affirmed, with costs. Judge BOCKES also read an opinion for affirmance.

All the judges concurring,
Judgment accordingly.

JOEL TIFFANY,
State Reporter.